There being now no one before the court entitled to resist probate of the will offered, the application to permit the witness who testified before the commissioner in Paris to sign his deposition before the probate clerk must also be granted.

Decreed accordingly.

---

(33 Misc. Rep. 671.)

### In re EVANS' WILL.

(Surrogate's Court, New York County.　January, 1901.)

CONTEST OF WILL—RIGHT OF ATTORNEY TO APPEAL.

Code Civ. Proc. § 2584, provides that a perfected appeal from an order or decree of the surrogate shall stay further proceedings in the surrogate court. Section 2569 authorizes a person entitled to be heard in proceedings before the surrogate, or who has acquired such interest after an order is made, to appeal therefrom, though he is not a party to the proceedings. *Held*, that the probate of a will will not be stayed on an appeal by an attorney from an order refusing to allow him to proceed with a will contest to protect his lien for fees after his client has abandoned the contest.

Application for the probate of the will of Thomas W. Evans. Application for the stay of proceedings pending an appeal. Application denied.

Wolcott G. Lane, for proponent.

Crane & Lockwood, for E. A. Crane individually and as executor.

J. Noble Hayes, for David W. Keane, seeking stay of proceedings.

THOMAS, S. The objections filed to the probate of the will have been withdrawn upon the consent of the party and under an order made contrary to the insistence of Mr. Keane, his attorney, who claimed a right to continue the contest in the assertion of a lien. From this order an appeal has been taken by Mr. Keane. He has given the undertaking required to perfect the appeal, and he now argues that the proceeding for the probate of the will is stayed. In this view I cannot concur. Mr. Keane is not a party to the proceeding. He is not named either in the petition or the citation. He has never appeared, except as attorney for certain of the parties in interest; and he has not, by any order of this court, been permitted to intervene, and become a party. His appeal to the appellate division is only permissible if he is entitled by law to be heard in the proceeding for probate on his application. If he is so entitled by law to be heard, he may intervene and appeal; if he is not so entitled by law to be heard, he has no such right of appeal, and an attempted appeal is a nullity, and cannot effect a stay of proceedings. Code Civ. Proc. §§ 2569, 2584. The question as to this right to be heard is now before me, and it is my plain duty to pass upon it. I may decide wrongly, and, in that event, I may make an order that will ultimately require to be rescinded; but this is an incident to all judicial action made subject to appellate review. I have already determined against the contention of the attorney as to his legal right to a hearing in this proceeding, and, seeing no just cause for changing my ruling, I adhere to it. On the ground, therefore, that on

the facts alleged by Mr. Keane he has no legal right to a hearing in the proceeding, I conclude that his appeal, on the argument of which he will contend to the contrary, is not a stay of the proceeding. An order will be made that the matter proceed without regard to the appeal, and as if no objection had been filed.

Decreed accordingly.

(33 Misc. Rep. 672.)

## In re KOCH.

. (Surrogate's Court, New York County. January, 1901.)

EXECUTOR—LEGATEE — DEATH—ASSETS—INSUFFICIENT—DISTRIBUTION—COSTS— SURVIVING EXECUTOR—ACCOUNTING.

Where one of the executors of a will, who is also a legatee thereunder, dies during the pendency of administration proceedings, and the assets are insufficient to pay all legacies in full, the accounting can proceed to adjust the accounts of the surviving executor, but no distribution of assets nor ruling as to costs can be had until an administrator is appointed for the estate of the deceased executor, and allowed a hearing before the court.          .

Application for the judicial settlement of the accounts of Herman Bolte and William Steencken, deceased, executors of the will of Christian Koch, deceased. See 68 N. Y. Supp. 375.

Henry M. Goldfogle, for accountant.
Louis Cohen, for contestant.

THOMAS, S. William Steencken, the deceased executor, was also a legatee, and he is not now represented in the proceeding. The accounting can proceed, notwithstanding his death, to adjust the accounts of the surviving executor, and to determine the amount of the estate remaining in his hands, and to adjudge against him the costs of the litigation (In re Steencken, 51 App. Div. 417, 64 N. Y. Supp. 660); but no distribution can be ordered until an administrator of the estate of Mr. Steencken is appointed, and he has been brought before the court in some proper way, and afforded a hearing. The assets are insufficient to pay all legacies in full, and this objection cannot be met by setting aside a part of the fund. The decree submitted is also objectionable in some formal respects, and I have had a decree prepared which may be examined by counsel before signature. A stipulation was entered in the stenographer's minutes as having been made by "the adult parties hereto" at the beginning of the trial, to the effect that the fees of the referee and the stenographer should be paid out of the estate. The adult persons represented by counsel at this time were the executors, as such, and the widow. Wilhelmina Schumacher, a legatee, does not appear to have been represented by attorney at any stage of the proceeding, or to have joined in the stipulation. The disbursements for the fees of the referee and the stenographer were large, and the contest was more lengthy than was probably anticipated at the time when the stipulation was made. In my opinion, as to the main questions in the case, I have stated that these disbursements, as a part of the costs, should be charged against the surviving executor. The stipu-